### (September 27, 1968)

■ In the Matter of ROBERT F.— Order dated July 8, 1968 unanimously reversed on the law and facts and matter remitted to the Family Court of Erie County for further proceedings in accordance with the following Memorandum: Appellant was adjudicated a person in need of supervision, by reason of 22 days of unexcused absences from school, and was ordered placed in the New York State Agricultural and Industrial School for an indefinite period. At the commencement of the proceedings, after some delay, a Law Guardian was appointed and represented appellant at the fact-finding hearing, after which the matter was adjourned without date for a dispositional hearing. More than two months later a notice was mailed to appellant setting a hearing for June 12, 1968. The Law Guardian was given no notice whatsoever of the dispositional hearing. The appellant did not appear and a warrant was issued under which this 15-year-old boy was placed in detention on June 27, 1968 and kept there until July 8, 1968. All this was done without any notice to the assigned Law Guardian. After 11 days of detention a brief and totally inadequate dispositional hearing, which is contained in less than three pages of the record, was held. Again the Law Guardian was not notified and, therefore, was not present. The County Attorney urges in his brief, and also upon argument to this court, that "Appellant and his mother were advised of appellant's rights at the dispositional hearing, which rights were waived". The claim of waiver resulted from the court asking the following question: "Do you want to speak for yourself, or do you want me to appoint the Law Guardian", to which the record reveals the appellant made "no reply". The court then said: "Robert, it's up to you", and the only comment the boy made was "Yes". It was clearly error for the court to conclude that this amounted to a waiver of representation. The need for legal representation is just as fundamental and essential at a dispositional hearing as at a fact-finding hearing. The court had received a probation report recommending "a more controlled environment" and also a report from the Family Court Institutional Caseworker strongly recommending probation, for "placement at Industry would not be beneficial to him, but would perhaps increase or accelerate the chances of his becoming involved in more serious antisocial behavior". As we said in Matter of Smith (21 A D 2d 737) "This hearing did not accord with the requirements of section 745 of the Family Court Act * * * nor with section 749 of the act". The "Order of Placement" also utterly failed to comply with sections 743 and 744 (Matter of Dennis, 20 A D 2d 86, 89). Through the concerned intervention of the fact-finding hearing Law Guardian a stay of placement was ordered by a Justice of this court. A new and completely adequate dispositional hearing should be held at which the Law Guardian who represented appellant in this court should be assigned to protect appellant's rights. (Appeal from order of Erie Family Court committing respondent to New York Training School.) Present— Bastow, P. J., Williams, Goldman, Witmer and Henry, JJ.